**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MANUEL CAVADIA VILLARROEL,

Petitioner,

v. No. 2:26-cv-02514-KG-KRS

FNU LNU; *et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Manuel Cavadia Villarroel's pro se Petition for a Writ of Habeas Corpus ("Petition"), Doc. 1, and the Response, Doc. 5. For the reasons below, the Court denies the Petition.

## *I. Background*

Petitioner is a citizen of Venezuela who was paroled into the United States on November 12, 2023. Doc. 5 at 8. Petitioner's term of parole expired two years later on November 10, 2025. *Id.* at 12. On April 11, 2026, Petitioner was arrested by U.S. Customs and Border Patrol ("CBP") in Florida. *Id.* at 15–16. Petitioner is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 at 1.

On June 2, 2026, Petitioner received a bond hearing before an Immigration Judge ("IJ"). Doc. 5 at 18–19. After the hearing, the IJ denied bond, finding Petitioner was a "flight risk" because "he has lived in the United States for a relatively short time, has limited ties to the United States, and his application for asylum remains speculative."[1] *Id.* The same day,

[1] The IJ's order also states that Petitioner's bond hearing was held pursuant to "an order from the U.S. District Court for the Middle District of Florida dated May 27, 2026, granting the respondent's petition for habeas corpus and placing the burden of proof on DHS to show that the

Petitioner was also ordered removed. *Id.* at 20–22. Petitioner appealed this this removal order, which remains pending before the Bureau of Immigration Appeals ("BIA"). *Id.*

On July 31, 2026, Petitioner filed the instant Petition with the Court. *See* Doc. 1. Petitioner, who states that he "poses absolutely no flight risk," seeks immediate release, or, in the alternative, an individualized bond hearing. *Id.* at 2; Doc. 5 at 1. Construing the pro se Petition favorably, the Court assumes Petitioner alleges his continued detention violates the Due Process Clause of the Fifth Amendment. Doc. 1 at 2–3; *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally[.]"). Respondents oppose the Petition. *See* Doc. 5. Respondents claim that that Petitioner is not entitled to release or a bond hearing because his parole has expired and his detention is governed by 8 U.S.C. § 1225(b). *Id.* at 5–6. They further argue that the Court lacks habeas jurisdiction to review the IJ's discretionary decision to deny bond. *Id.* at 6.

## *II. Standard of Review*

Federal courts have jurisdiction to review habeas petitions filed by noncitizen detainees alleging "custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690.

---

respondent is not a danger to the community and a flight risk." Doc. 5 at 18. Although the Court is unable to locate this order, its substance would not alter the Court's conclusion. To resolve this Petition, all that matters is Petitioner previously received a bond hearing.

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). First, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country." *Jennings*, 583 U.S. at 303. Section 1226(a) authorizes the arrest and detention of noncitizens "on a warrant issued by the Attorney General . . . pending a decision on whether the [noncitizen] is to be removed[.]" Under federal regulations, a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing at the "outset of detention." *Jennings*, 583 U.S. at 306. By contrast, § 1225 governs noncitizens detained at a port of entry or shortly after entry. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Absent exceptions irrelevant here, § 1225 "mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *1 (D.N.M. Nov. 14, 2025) (citation omitted).

Immigration parole is a narrow exception to the otherwise mandatory detention of noncitizens under § 1225(b)(1). Under § 1182(d)(5)(A), a noncitizen applicant for admission who is ordinarily subject to mandatory detention under § 1225(b)(1) may be paroled into the United States pending the resolution of their immigration proceeding. The discretionary decision to grant parole rests with the Secretary of Homeland Security, who may parole noncitizens to serve "urgent humanitarian reasons or significant public benefit[.]" § 1182(d)(5)(A). "[W]hen the purposes of such parole [], in the opinion of the Secretary of Homeland Security, have been served the [noncitizen] shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.* Immigration parole terminates

automatically if the parolee departs the United States or the authorized parole period expires. 8 C.F.R. § 212.5(e)(1). Otherwise, termination of parole requires written notice. § 212.5(e)(2).

Federal courts lack jurisdiction to review an immigration judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). As the Supreme Court has repeatedly explained, § 1226(e) operates as a jurisdictional bar precluding noncitizens from "challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [their] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks omitted) (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003); *see also Nielson v. Preap*, 586, U.S. 392, 961 (2019) ("[T]his limitation [under § 1226(e)] applies to . . . discretionary decisions" and prohibits review of whether "the Government exercised its statutory authority in an unreasonable fashion."). Absent a constitutional claim or some other question of law, the Court does not have federal habeas jurisdiction to review a specific custody determination. *Olmos v. Holder*, 780 F.3d 1313, 1316 (10th Cir. 2015).

## ***III. Analysis***

The Court concludes that: (1) Petitioner is subject to detention under § 1225(b); and (2) the Court lacks habeas jurisdiction to review the IJ's discretionary custody determination under § 1226(e).

A. Petitioner is subject to detention under § 1225(b).

First, Petitioner is subject to detention under § 1225(b). Parole does not constitute an admission into the United States—a parolee remains an applicant for admission even after parole

is terminated or revoked. *See* § 1182(d)(5)(A); 8 C.F.R. § 1.2. So, "[a]n alien detained under [§ 1225(b)] who is released from detention pursuant to a grant of parole under [§ 1182(d)(5)(A)], and whose grant of parole is subsequently terminated, is returned to custody under [§ 1225(b)] pending the completion of removal proceedings." *Rincon v. Hyde*, 810 F. Supp. 3d 101, 109 (D. Mass. 2025) (quoting *Matter of Q. Li*, 29 I. & N. Dec. 66, 70 (BIA 2025)). Petitioner was released into the country on parole, which expired in on November 10, 2025. Doc. 5 at 12. Therefore, Petitioner reverted to his status as an applicant for admission and became subject to the detention provisions of § 1225(b). *See* § 1182(d)(5)(A) (providing that, upon termination of parole, the noncitizen's case "shall continue to be dealt with in the same manner as that of any other applicant for admission").

B. <u>The Court lacks habeas jurisdiction to review a custody determination under § 1226(e).</u>

Second—assuming for purposes of this Petition only that Petitioner has a cognizable liberty interest under the Due Process Clause that entitles him to a bond hearing—the Court nonetheless concludes it lacks jurisdiction to review the IJ's discretionary custody determination under § 1226(e). The Court therefore declines to grant relief because Petitioner received the individualized bond hearing to which he was entitled under the Due Process Clause. *See* Doc. 5 at 18–19. At that hearing, the immigration judge found that DHS carried its burden to show Petitioner was a flight risk. *Id.* Because nothing in the record demonstrates the hearing was otherwise unconstitutional, the IJ's findings are not subject to review by this Court. The hearing therefore satisfies due process.

## ***IV. Conclusion***

For the reasons above, the Petition for Writ of Habeas Corpus, Doc. 1, is DENIED.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.